IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-156-H

DONNELL KEARNEY,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
BRENT A. HOWARD in his　　　　　　 )
official and individual　　　　　　)
capacity as an officer of　　　　　)
the Raleigh City Police　　　　　　)
Department,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　　)

This matter is before the court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on defendant Brent A. Howard's motion for summary judgment [DE #54]. In response to defendant's motion, plaintiff submitted a letter asserting that defendant's summary judgment memorandum contains "a lot of error [sic] and unbelievable lies. As well as false statements." (DE #59.) No other response or reply to defendant's summary judgment motion has been filed, and this matter is ripe for adjudication.

### STATEMENT OF THE CASE

Plaintiff, proceeding pro se, instituted this civil rights action pursuant to 42 U.S.C. § 1983 on March 19, 2008, claiming

that officers of the Raleigh Police Department assaulted him after he fled from the officers during a traffic stop. Plaintiff alleges that his shoulder was dislocated and his ribs were fractured as a result of the incident. Plaintiff seeks $4 million for his pain and suffering.

On June 25, 2008, plaintiff filed an amended complaint naming defendant Brent A. Howard ("Officer Howard"), the Raleigh City Police Department, the City of Raleigh Police Department and the City of Raleigh as defendants to the action. In his amended complaint, plaintiff asserts that Officer Howard used excessive force in detaining plaintiff. On December 5, 2008, the court dismissed plaintiff's claims against the City of Raleigh and the Raleigh Police Department for failure to state a claim against either of those defendants. Officer Howard now moves for summary judgment.

## COURT'S DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate pursuant to Rule 56 of the Federal Rules of Civil Procedure when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a

2

genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in his pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Summary judgment is not a vehicle for the court to resolve disputed factual issues. Faircloth v. United States, 837 F. Supp. 123, 125 (E.D.N.C. 1993). Instead, a trial court reviewing a claim at the summary judgment stage should determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249.

In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine "both the materiality and the genuineness of the alleged fact issues" in ruling on this motion. Faircloth, 837 F. Supp. at 125.

## II. Standard of Pro Se Litigants

Because plaintiff is proceeding pro se in this matter, his pleadings are not held to the same stringent standards as those of attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972), but are instead liberally construed by the court. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). This court cannot, however, act as counsel for plaintiff. Like all litigants, plaintiff is still required to comply with the applicable rules.

## III. Plaintiff's Failure to Comply with Rules

Throughout this proceeding, plaintiff has failed to comply with this court's local rules and the Federal Rules of Civil Procedure. For approximately a year, plaintiff failed to inform the court of a change in his address, resulting in an order to compel discovery being entered on December 8, 2009, as well as a hearing and order on defendant's request for sanctions for failure to comply with discovery. On May 5, 2010, this court denied defendant's request that plaintiff's complaint be dismissed as a sanction for his noncompliance and instead ordered plaintiff to pay $250 toward the costs incurred by defendant as a result of plaintiff's failure to notify the court of his change of address. The court further amended the scheduling order, giving plaintiff additional time both to conduct discovery and to respond to discovery. The court warned

4

plaintiff that any further failure to prosecute his case, respond to discovery or comply with the orders of this court may result in dismissal of this action. Notwithstanding this court's May 5, 2010, order, plaintiff has not served defendant with his initial disclosures pursuant to Rule 26(a)(1), complied with Rule 33(b)(5)'s requirement that interrogatory responses be signed by the respondent or provided appropriate objections or responses to defendant's requests for production of documents.[1]

Of most significance, however, is plaintiff's failure to comply with Rule 36 of the Federal Rules of Civil Procedure. Rule 36 permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the

---

[1] Plaintiff has provided no documents in response to defendant's request for production of documents and his written responses to the requests fail to provide sufficient information regarding the identity, location or availability of the documents requested. As to document production request number 2 seeking copies of "[a]ll documents identified in your answers to Officer Howard's First Interrogatories to you," plaintiff responded as follows: "I hope and wish that me and Brent A. Howard as well as the federal government in Greenville, North Carolina can make some type of agreement or some type of desicion [sic], that will grant me these Royalties and sent [sic] me free as well. I hope things will work out between us or all of us that is [sic] stuck in the decision making, Sir." (DE #55-1 at 20.) In response to defendant's request for documents concerning other lawsuits filed by plaintiff against any law enforcement officer or law enforcement agency, penal officer or penal agency, plaintiff offered a similarly unresponsive statement: "I'm all eyes, listening, waiting. Please be reasonable. I ask you Please, do what's right yall [sic] or sir. Because it's hard been [sic] a black man (United State[s] citizen of North Carolina).

5

truth" of any matter that is relevant and not privileged. Matters not denied or objected to within the time allowed for response are deemed admitted and may be withdrawn upon motion only if withdrawal "would promote the presentation of the merits of the action" and the requesting party would not be prejudiced in maintaining or defending the action on the merits. Fed. R. Civ. P. 36(b).

On May 5, 2010, this court extended plaintiff's time for responding to defendant's discovery requests until May 31, 2010. Nevertheless, plaintiff failed to serve defendant with responses to his requests for admission as required by Rule 36 and this court's May 5, 2010, order. Instead, more than two months after his extended discovery deadline had elapsed, plaintiff submitted to the court an unsigned copy of his purported responses, together with a letter addressed "Dear Justice Department." At no point has plaintiff requested any extension of the discovery period or moved to deem timely his responses to defendant's requests for admission.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the matters contained in Defendant's First Request for Admissions to Plaintiff, attached to defendant's summary judgment memorandum, are deemed admitted. (See DE #55-1 at 4-19.) Plaintiff has made no request to withdraw his admissions,

6

and these matters are, therefore, conclusively established for purposes of this action. Fed. R. Civ. P. 36(b). Included among the facts established are the following:

- At the time of his arrest on March 23, 2006, Raleigh police officers could have reasonably believed that plaintiff had committed or was engaged in the commission of a crime;

- The Raleigh police officers had reasonable suspicion to conduct an investigatory stop and probable cause to arrest plaintiff;

- Plaintiff was committing a felony at the time of his arrest, and Officers Howard and Caruana could have reasonably believed that Plaintiff was unwilling to submit to arrest;

- Plaintiff had a duty to submit to the Raleigh police officers who ordered him to stop, but plaintiff fled from the officers, without legal justification, because he believed that the officers possessed warrants for his arrest;

- Plaintiff cannot identify which officer allegedly used excessive force;

- *On March 23, 2006, the Raleigh police officers used that degree of force which was reasonable under the circumstances to arrest plaintiff;*

- On March 23, 2006, plaintiff injured his left shoulder when he tripped and fell while fleeing from the Raleigh police officers;

- *At the scene of his arrest, plaintiff was never physically touched by Officer Howard;*

- Plaintiff had been charged with Assault by Pointing a Gun and Assault with a Deadly Weapon on February 28, 2006; and

7

- Arising from his March 23, 2006 arrest, Plaintiff was charged and convicted of Possession with Intent to Sell and Deliver Cocaine and Assault on a Government Official.

These facts having been admitted by plaintiff, there are no genuine issues of material fact precluding summary judgment.

Plaintiff's excessive force claim "arises in the context of an arrest or investigatory stop of a free citizen" and is, therefore, "properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." Graham v. Connor, 490 U.S. 386, 394 (1989) (quoting U.S. Const. amend. IV). Such claims are analyzed under the Fourth Amendment's "objective reasonableness" standard, which involves a "careful balancing" of the individual's Fourth Amendment interests against the government's countervailing law enforcement interests. Id. at 396. In determining whether the force used in effecting an arrest was objectively reasonable, the court must consider such factors as "(1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the officer or others, and (3) whether the suspect was attempting to resist or evade arrest." Henry v. Purnell, 619 F.3d 323, 331 (4th Cir. 2010).

8

Pursuant to Rule 36, plaintiff has admitted both that the degree of force used to arrest him was reasonable under the circumstances and that Officer Howard never physically touched plaintiff at the scene of his arrest. Based on these facts, Officer Howard cannot be held liable to plaintiff for excessive use of force at the time of plaintiff's arrest. Accordingly, plaintiff has failed to demonstrate that he has a right of recovery pursuant to 42 U.S.C. § 1983, and Officer Howard is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion for summary judgment [DE #54]. The clerk is directed to close this case.

This 20TH day of January 2011.

*[signature]*
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31